LITTLER MENDELSON, P.C.
A. Michael Weber (AM 8760)
Michael P. Pappas (MP 6716)
885 Third Avenue
New York, New York 10022
(212) 583-9600

Attorneys for Defendants
Allstate Investigations, Inc., George
Campos, and Patrick A. Bombino

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JONATHAN ELLIOTT, Individually and on Behalf of All Others Persons Similarly Situated,

    Plaintiffs,

-against-

ALLSTATE INVESTIGATIONS, INC, GEORGE CAMPOS, PATRICK A. BOMBINO And JOHN DOES 1-10, Jointly and Severally,

    Defendants.

Case No. 07 Civ. 6078

**ANSWER**

---

Defendants Allstate Investigations, Inc. ("Allstate"), George Campos, and Patrick A. Bombino (collectively "Defendants"), by their attorneys, Littler Mendelson, P.C., hereby answer the Complaint of Jonathan Elliott on behalf of himself and all others similarly situated (collectively "Plaintiffs") as follows:

1.    Admitted in part; denied in part. Defendants admit that Plaintiff Elliott purports to bring a class/collective action based on an alleged failure to pay overtime compensation. The remaining allegations of Paragraph 1 are denied.

2. Admitted in part; denied in part. Defendants admit that Plaintiff Elliott purports to bring a class/collective action based on an alleged failure to pay regular and overtime compensation. The remaining allegations of Paragraph 2 are denied.

3. The allegations in Paragraph 3 of the Complaint constitute legal argument and conclusions to which no response is required. Defendants, therefore, deny the allegations.

4. The allegations in Paragraph 4 of the Complaint constitute legal argument and conclusions to which no response is required. Defendants, therefore, deny the allegations.

5. The allegations in Paragraph 5 of the Complaint constitute legal argument and conclusions to which no response is required. Defendants, therefore, deny the allegations.

6. Admit upon information and belief the allegations in Paragraph 6 of the Complaint.

7. Admit the allegations in Paragraph 7 of the Complaint.

8. Admitted in part, denied in part. Defendants admit that Defendant Campos is a director of the Corporate Defendant Allstate. The remaining allegations of Paragraph 8 are denied.

9. Admitted in part, denied in part. Defendants admit that Defendant Bombino is an officer of the Corporate Defendant Allstate. The remaining allegations of Paragraph 9 are denied.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, except deny that any officer, director, or managing agent of Allstate acted intentionally and maliciously, are "employers" pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, or the New York Labor Law Sec. 2 and the regulations thereunder, or are jointly and severally liable.

11. Admitted in part; denied in part. Defendants admit that Plaintiff Elliott seeks to prosecute a class/collective action based on an alleged failure to pay overtime compensation. The remaining allegations of Paragraph 11 are denied.

12. Deny the allegations in Paragraph 12 of the Complaint.

13. Deny the allegations in Paragraph 13 of the Complaint.

14. Deny the allegations in Paragraph 14 of the Complaint.

15. Deny the allegations in Paragraph 15 of the Complaint, including subparagraphs a through h thereof.

16. Deny the allegations in Paragraph 16 of the Complaint.

17. Admitted in part; denied in part. Defendants admit that Plaintiff Elliott purports to sue on his own behalf and on behalf of a class of persons. The remaining allegations of Paragraph 17 are denied.

18. Admitted in part; denied in part. Defendants admit that Plaintiff Elliott purports to bring a class/collective action based on an alleged failure to pay regular and overtime compensation. The remaining allegations of Paragraph 18 are denied.

19. Deny the allegations in Paragraph 19 of the Complaint.

20. Deny the allegations in Paragraph 20 of the Complaint.

21. Deny the allegations in Paragraph 21 of the Complaint.

22. Deny the allegations in Paragraph 22 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the competency and experience of Plaintiff Elliott's counsel.

23. Deny the allegations in Paragraph 23 of the Complaint.

24. Deny the allegations in Paragraph 24 of the Complaint.

25. Deny the allegations in Paragraph 25 of the Complaint, except admit that Allstate provides, *inter alia*, security guard services.

26. Deny the allegations in Paragraph 26 of the Complaint, except admit that Plaintiff Elliott was employed by Allstate at certain times between October 2005 and March 2007.

27. Deny the allegations in Paragraph 27 of the Complaint, except admit that the work performed for Allstate by Plaintiff Elliott was performed in the normal course of Allstate's business.

28. Deny the allegations in Paragraph 27 of the Complaint, except admit that the work performed by Plaintiff Elliott for Allstate required no capital investment by Plaintiff Elliott, and admit that Plaintiff Elliott's duties did not include managerial responsibilities.

29. Deny the allegations in Paragraph 29 of the Complaint.

30. Deny the allegations in Paragraph 30 of the Complaint.

31. Deny the allegations in Paragraph 31 of the Complaint, except admit that Allstate has employed individuals in positions that required no capital investment by the individuals, and admit that Allstate has employed individuals who did not have managerial responsibilities, who did not have authority to hire and fire other employees, and who were not responsible for making hiring and firing recommendations.

32. Deny the allegations in Paragraph 32 of the Complaint.

33. Deny the allegations in Paragraph 33 of the Complaint.

34. Deny the allegations in Paragraph 34 of the Complaint.

35. Deny the allegations in Paragraph 35 of the Complaint.

36. With regard to Paragraph 36 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1-35 of the Complaint as if each were fully set forth herein.

37. The allegations in Paragraph 37 of the Complaint constitute legal argument and conclusion to which no response in required. Defendants, therefore, deny the allegations.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, except admit that Allstate employed Plaintiff Elliott, and deny that Defendants Campos or Bombino employed Plaintiff Elliott.

39. Deny the allegations in Paragraph 39 of the Complaint.

40. Admit upon information and belief the allegations in Paragraph 40 of the Complaint.

41. Deny the allegations in Paragraph 41 of the Complaint.

42. Deny the allegations in Paragraph 42 of the Complaint.

43. Deny the allegations in Paragraph 43 of the Complaint.

44. Deny the allegations in Paragraph 44 of the Complaint.

45. Deny the allegations in Paragraph 45 of the Complaint.

46. With regard to Paragraph 46 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1-45 of the Complaint as if each were fully set forth herein.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, except admit that Allstate employed Plaintiff Elliott, and deny that Defendants Campos or Bombino employed Plaintiff Elliott.

48. Deny the allegations in Paragraph 48 of the Complaint.

49. Deny the allegations in Paragraph 49 of the Complaint.

50. Deny the allegations in Paragraph 50 of the Complaint.

51. Deny that Plaintiff Elliott is entitled to any of the relief requested in the "Prayer For Relief" of the Complaint.

## DEFENSES

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims and the claims of any purported class members are barred, in whole or in part, by the applicable statute(s) of limitations.

### THIRD DEFENSE

Plaintiff's claims and the claims of any purported class members are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### FOURTH DEFENSE

Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

### FIFTH DEFENSE

Plaintiffs' claims cannot proceed as a class action because the FLSA and its collective action procedure preempt state law that might otherwise permit class action treatment.

### SIXTH DEFENSE

Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Federal Rule of Civil Procedure 23 and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

### SEVENTH DEFENSE

The class of persons that Plaintiff purports to represent is not so numerous that joinder is impracticable.

## EIGHTH DEFENSE

At all times relevant hereto, Defendants acted in good faith compliance with the FLSA and the New York Labor Law.

## NINTH DEFENSE

Plaintiffs' claims for relief under New York Labor Law may not proceed as a class action by operation of New York Civil Practice Law and Rules § 901(b).

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, on information and belief, Plaintiffs failed to adequately mitigate their alleged damages.

## ELEVENTH DEFENSE

Defendants' actions related to paying employees were in good faith and made in conformity with, and reliance upon, the U.S. and New York State Department of Labor's administrative regulations, orders, ruling or interpretations, or judicial interpretations of the law.

## TWELFTH DEFENSE

Plaintiff and the putative class members are not similarly situated.

## THIRTEENTH DEFENSE

Questions solely affecting individual members of the class that Plaintiff seeks to represent predominate over questions of law and fact that are common to the alleged class.

## FOURTEENTH DEFENSE

Plaintiff's claims are not typical of the claims of the individuals he seeks to represent.

## FIFTEENTH DEFENSE

Plaintiff is an inadequate class representative. There being no proper class representative, the entire Complaint for class action relief must be dismissed.

**SIXTEENTH DEFENSE**

A class action is not an appropriate or a fair and efficient adjudication of this litigation.

**SEVENTEENTH DEFENSE**

George Campos and Patrick Bombino are improperly named as defendants because they are not and never have been an employer of Plaintiff, nor are they employers within the meaning of the statutes upon which Plaintiff relies in his complaint.

Defendants reserve the right to file and serve additional defenses.

WHEREFORE, Defendants request that this Court dismiss Plaintiffs' Complaint with prejudice; that it enter judgment in Defendants' favor and against Plaintiffs on all counts; that it deny Plaintiffs' request to allow this case to proceed as a collective and/or class action; and that this Court award Defendants their costs and attorneys' fees incurred in defending this action and such other relief as it deems appropriate.

Date:   September 7, 2007
        New York, New York

LITTLER MENDELSON, P.C.

s/
_____
A. Michael Weber (AW 8760)
Michael P. Pappas (MP 6716)
885 Third Avenue
New York, New York 10022
(212) 583-9600

Attorneys for Defendants Allstate Investigations, Inc., George Campos, and Patrick A. Bombino