```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JONATHAN ELLIOTT,                       :
Individually and on Behalf of All Other :
Persons Similarly Situated,             :        07 Civ. 6078 (DLC)
                        Plaintiff,      :
                                        :                ORDER
        -v-                             :
                                        :
ALLSTATE INVESTIGATIONS, INC., GEORGE   :
CAMPOS, PATRICK A. BOMBINO, AND JOHN    :
DOES #1-10, Jointly and Severally,      :
                        Defendants.     :
                                        :
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/11/08

DENISE COTE, District Judge:

    This action was brought under the Fair Labor Standards Act

(FLSA) and New York State labor laws.  In the Complaint,

plaintiff Jonathan Elliott requested that the lawsuit be

designated as a collective action under the FLSA and that a

class be certified for the state law claims.  Having been

informed by the parties that they had reached a settlement

agreement, Magistrate Judge Peck dismissed this action with

prejudice and without costs by Order of January 28, 2008.  The

parties have also submitted for the Court's approval a

stipulation of dismissal with prejudice as to plaintiff Jonathan

Elliott and without prejudice as to the other members of this

alleged putative class action and collective action.  Generally,

however, employees' rights under the FLSA cannot be waived

pursuant to private settlements.  See D.A. Schulte, Inc. v.

Gangi, 328 U.S. 108, 116 (1946). Rather, settlement agreements
must either be supervised by the Secretary of Labor or
judicially approved so as to ensure that the employees' rights
are protected. See 29 U.S.C. § 216(c); D.A. Schulte, 328 U.S.
at 113 n.8.

Moreover, the settlement of any class action or collective
action lawsuit must be judicially approved, even when settlement
is reached before a class is certified. "When a settlement is
negotiated prior to class certification, as is the case here, it
is subject to a higher degree of scrutiny in assessing its
fairness." D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir.
2001). The special concern that absent class members may be
prejudiced when a putative class action lawsuit is settled
before the class is certified exists as well in the context of
putative collective actions under the FLSA, even if the latter
requires that plaintiffs opt into the class.

The district court must review a class action settlement
"to ensure its fairness, adequacy and reasonableness, and that
it was not a product of collusion." Id. (citation omitted).
Fairness is determined "by examining the negotiating process
leading up to the settlement as well as the settlement's
substantive terms." Id. Because this action was brought under
the FLSA as a putative collective action, and as a putative
class action under New York State law, it is hereby

2

ORDERED that the parties shall make submissions to the

Court in support of their settlement agreement no later than

March 14, 2008.

IT IS FURTHER ORDERED that the Order of Dismissal On

Consent of January 28, 2008 is vacated.  The Clerk of Court is

directed to reopen this case.

SO ORDERED:

Dated:    New York, New York
          February 11, 2008

                                    _____
                                    DENISE COTE
                                    United States District Judge

3

COPIES SENT TO:

William C. Rand
Law Offices of William C. Rand
711 Third Avenue, Suite 1505
New York, New York 10017

Patrick Bombino
c/o Judd Bank
18 Mollypicher  Drive
Hazlet, New Jersey 07730

Magistrate Judge Peck