```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
JONATHAN ELLIOTT,                        :
Individually and on Behalf of All Other  :
Persons Similarly Situated,              :     07 Civ. 6078 (DLC)
                         Plaintiff,      :
                                         :        MEMORANDUM
            -v-                          :      OPINION & ORDER
                                         :
ALLSTATE INVESTIGATIONS, INC., GEORGE    :
CAMPOS, PATRICK A. BOMBINO, AND JOHN     :
DOES #1-10, Jointly and Severally,       :
                         Defendants.     :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On January 25, 2008, the named parties in this putative collective action brought under the Fair Labor Standards Act ("FLSA") executed a settlement agreement ("Agreement") that provided for a payment to only the named plaintiff and a payment that was less than the full sum of liquidated damages mandated by the FLSA.  See 29 U.S.C. § 216(b).  An Order of February 11 advised the parties that the terms of the Agreement would have to be subjected to judicial review before this case could be dismissed.  Elliott submitted a letter and supporting exhibits in response to the February 11 Order; defendant Patrick A. Bombino represents that the defendants will not be filing any submissions.  For the following reasons, the Agreement is approved, and the lawsuit is dismissed.

BACKGROUND

Elliott commenced this action on June 27, 2007, alleging that his employer -- the defendants Allstate Investigations, Inc. ("Allstate"),[1] George Campos, and Patrick A. Bombino -- violated the FLSA and New York State labor laws.  In the Complaint, Elliott requested that the lawsuit be designated as a collective action under the FLSA and that a class be certified for the related state law claims.

Elliott worked as a security guard for Allstate, a corporation which provided security guard services.  In his submissions in support of the Agreement, Elliott alleges that he worked seventy-four weeks, averaging about twenty hours of overtime each week.  He was paid $18 per hour, but claims that he was not paid overtime compensation -- that is, an additional $9 per hour -- for the twenty hours of overtime per week.  Taking these allegations as true, under the penalty provision of the FLSA, 29 U.S.C. § 216(b), Elliott is entitled to $26,640, which includes liquidated damages calculated at 100% of the unpaid overtime compensation.

In the course of settlement negotiations, defendants represented to Elliott and his attorneys that Allstate's assets had been sold and Bombino did not have enough assets to pay the full amount of Elliott's claim.  Elliott and his attorneys

---

[1] A default was entered against Allstate on December 6, 2007.

reviewed Bombino's tax returns and determined that Bombino had limited assets. The parties have, therefore, agreed to settle the action for a one-time payment of $20,000. Of this amount, $7,014.20 will go to Elliott's attorneys for legal fees and expenses. If the Agreement is approved, the parties request that the action be dismissed with prejudice as to Elliott and without prejudice as to members of the alleged putative collective and class actions.

DISCUSSION

The FLSA imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated damages" on employers who violate its requirement that overtime wages be paid. 29 U.S.C. § 216(b). The obligation to pay "liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage." D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946). In D.A. Schulte, however, the Supreme Court suggested in dicta that employees may waive FLSA claims pursuant to judicially-supervised settlements. Id. at 113 n.8. The Supreme Court reasoned that "by the simple device of filing suits and entering agreed judgments, . . . the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties." Id. Based on D.A. Schulte's

dicta, several circuits have opined that courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness. See, e.g., Lynn's Food Stores, Inc. v. United States By and Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div., 679 F.2d 1350, 1352-53 (11th Cir. 1982); Urbino v. Puerto Rico Ry. Light & Power Co., 164 F.2d 12, 14 (1st Cir. 1947). In Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960 (5th Cir. 1947), the Fifth Circuit approved a settlement after finding that "a bona fide dispute of both law and fact was involved in the litigation, and that the proposed settlement agreed upon was fair and equitable to all parties concerned." Id. at 961.

When a plaintiff has voluntarily assumed the fiduciary role of a class representative, before the putative class claims may be dismissed, a court must determine "whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." Shelton v. Pargo, Inc., 582 F.2d 1298, 1314 (4th Cir. 1978). A court may determine that dismissal shall be conditional on a certification decision and/or notice to class members, as mandated by Rule 23(e) of the Federal Rules of Civil Procedure. Id. Where a dismissal is without prejudice to absent class members' pursuit of their own claims, there is

4

little likelihood of prejudice to them in the absence of evidence that they have relied on the existence of the class action.  Id. at 1315.  Where no class notice has been given, reliance generally arises where there has been news coverage of the litigation in the general or trade press.  Id.  See Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 761-62 (6th Cir. 2005); Diaz v. Trust Territory of the Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989); In re Austrian and German Bank Holocaust Litig., No. 98 Civ. 3938, 2001 WL 228107, at *3-4 (S.D.N.Y. Mar. 8, 2001).

    The named plaintiff in this case has sufficiently supported his Agreement and demonstrated that it represents a fair and equitable settlement of his bona fide dispute with his employer.  The settlement amount in this case is less than the full amount of Elliot's claim -- significantly so when the attorneys' fees and costs are considered.  Under the circumstances, however, this amount is reasonable and fair.  First, Elliott did not have any documentary evidence to corroborate his allegations of overtime.  In addition, the $20,000 settlement exceeds the amount of unpaid overtime compensation that Elliott alleges he is owed, and it covers about half of the liquidated damages provided under the FLSA.  The Agreement was only reached after Elliott and his attorneys learned that Allstate's assets had

5

been sold, and after they reviewed Bombino's tax returns to confirm that he had limited assets to cover the FLSA claim.

The prohibition on waiver of FLSA claims except pursuant to a settlement supervised by the Secretary of Labor or an agreement that is judicially approved is meant to protect employees from inequality in bargaining powers.  See D.A. Schulte, 328 U.S. at 115.  Elliott, though, has been represented by counsel throughout this lawsuit, while the defendants did not have legal representation during the settlement negotiation. These circumstances provide further assurance that Elliott's interests have been safeguarded.

Dismissal of the putative class action claims is also appropriate.  Because the claims of class members are being dismissed without prejudice, they are free to bring their own claims against the defendants.  There is also no reason to believe that they have relied on the existence of this litigation since there is no evidence that they would have learned that it had been filed.  While this settlement gives Elliott assets which will no longer be available for equitable disbursement among class members, he is receiving less than the minimum amount to which he would be entitled under the FLSA were he to succeed at trial on his claims.  For these reasons, these claims may be dismissed without reaching the question of class certification and without providing notice to the class.

CONCLUSION

The parties' January 25, 2008 Agreement is approved, and this action is dismissed with prejudice as to Elliott and without prejudice as to the other members of the alleged putative collective and class actions.

SO ORDERED:

Dated:   New York, New York
         March 19, 2008

                                          /s/ Denise Cote
                                     ―――――――――――――――――――――
                                          DENISE COTE
                                     United States District Judge

COPIES SENT TO:

William C. Rand  
Law Offices of William C. Rand  
711 Third Avenue, Suite 1505  
New York, New York 10017

Patrick Bombino  
c/o Judd Bank  
18 Mollypicher Drive  
Hazlet, New Jersey 07730

Magistrate Judge Peck